## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MAOHUI LIU, LELAN XIONG, YAGUANG LIU, LILI CAI, CHUNRU SONG, YUNRONG JIANG, MEIHUNA LIU, QIYUAN HUANG, QI WANG, ZIQIANG ZHAO, HAO MAO, YONGPING ZHAO, YUE FU, XI PENG, WEI SONG, GUANQUN CHI, YOUJIA MA, JIANJUN LI, YUAN WANG, NING CAI, CONG XU, FANG ZHAO, WEI NING, LING LI, LI ZHANG, XIA ZHANG, LIN LIANG, SONG DENG, JIAN LIN, MIN LIN, YING ZHANG, JIANQIN CHEN, GUOYE CHEN, HUAIYANG FU, HUA CAO, JIANHUA CUI, RUI FANG, ZHENDONG GUO, YURU MA, LIJUAN HAO, SHOUHUI DAI, SUMIN HONG, NAN LI, JIAN LIU, XIN LIU, YING LIU, TIEJUN SHEN, YI SUN, YUEFEN TANG, BO WANG, CHIA-FENG WU, JUN WU, and JIE YANG | Case No: 6:19-cv-2041-Orl-31LRH<br><br>Honorable Gregory A. Presnell<br>Honorable Leslie R. Hoffman<br><br>*Electronically Filed* |
| Plaintiffs | |
| v. | |
| OP REALTY PARTNERS, LLC, OP CONDOMINIMUM MANAGEMENT, LLC, and MAX P. CAWAL | |
| Defendants | |

## <u>AMENDED COMPLAINT</u>

1

Plaintiffs, MAOHUI LIU, LELAN XIONG, YAGUANG LIU, LILI CAI, CHUNRU SONG, YUNRONG JIANG, MEIHUA LIU, QIYUAN HUANG, QI WANG, ZIQIANG ZHAO, HAO MAO, YONGPING ZHAO, YUE FU, XI PENG, WEI SONG, GUANQUN CHI, YOUJIA MA, JIANJUN LI, YUAN WANG, NING CAI, CONG XU, FANG ZHAO, WEI NING, LING LI, LI ZHANG, XIA ZHANG, LIN LIANG, SONG DENG, JIAN LIN, MIN LIN, YING ZHANG, JIANQIN CHEN, GUOYE CHEN, HUAIYANG FU, HUA CAO, JIANHUA CUI, RUI FANG, ZHENDONG GUO, YURU MA, LIJUAN HAO, SHOUHUI DAI, SUMIN HONG, NAN LI, JIAN LIU, XIN LIU, YING LIU, TIEJUN SHEN, YI SUN, YUEFEN TANG, BO WANG, CHIA-FENG WU, JUN WU, JIE YANG, by and through their undersigned counsel, pursuant to Rule 15, *Federal Rules of Civil Procedure,* file this Amended Complaint against Defendants OP REALTY PARTNERS, LLC, OP CONDOMINIUM MANAGEMENT and MAX P. CAWAL, and allege the following:

## I.    INTRODUCTION

1.    This is an action for damages and injunctive relief arising from a fraudulent real estate pyramid scheme perpetrated by Defendants.  Over the course of four years, Defendants made fraudulent promises of guaranteed rent payments to lure foreign investors into purchasing investment properties with

2

grossly inflated sales prices and prohibitively high homeowner association fees. Defendants defrauded Plaintiffs and failed to make the rent payments.

THE PARTIES

a.     **Plaintiffs**

2.     Plaintiffs are individuals and Chinese citizens who generally lack knowledge of customs and practices for the purchase of real estate in the United States, and in particular, the State of Florida, all of whom purchased property in either Oak Plantation Condominiums (hereafter "Oak Planation Condo"), a Condominium according to the Declaration of Condominium recorded in the Public Records of, Osceola County, Florida in O.R. Book 1375, Page 242, or Oak Plantation Resort & Suites Condominium Association (hereafter "Oak Planation Resort"), a Condominium according to The Declaration of Condominium recorded in the Public Records of Osceola County, Florida in O.R. Book 3040, Page 147.

3.     Plaintiff Maohui Liu is an adult individual residing in Room 204-2-103, Meijia HuBin XinCheng Jiang Xia Avenue, JingXia District, Wu Han Hu BZ1, China. Mr. Liu purchased Units 1405 and 1504 of Oak Plantation Condo from Defendant OP Realty.

4.     Plaintiff Wei Ning is an adult individual residing in T4-1-3304 Raycom Skyline, Jiefang South Road, Jiang An District, Wuhan, Hubei, China.

OMC\4845-0218-5442-4/14/21

Ning purchased Unit 105 of Oak Plantation Condominium from Defendant OP Realty.

5.      Plaintiff Lelan Xiong is an adult individual residing in 44-3-202 Jialu Xiyuan Xihu District Hang Hangzhou, China. Ms. Xiong purchased Unit 508 of Oak Plantation Condominium from Defendant OP Realty.

6.      Plaintiff Yaguang Liu is an adult individual residing in Room 202, Unit 3, Building 4, Central Park No. 278, Central Road, Xuanwu District, Nanjing, Jiang Su, China. Liu purchased Unit 1406 of Oak Plantation Condominium from Defendant OP Realty.

7.      Plaintiff Lili Cai is an adult individual residing in Rm 802, No. 63, Tianhe Huijing South Road, Guangzhou City, Guangdong Province, China. Cai purchased Unit 1414 of Oak Plantation Condominium from Defendant OP Realty.

8.      Plaintiff Chunru Song is an adult individual residing in Room 8, Unit 2, Building 904, No.2, Jingouhe Road, Haidian District, Beijing, China. Song purchased Unit 314 of Oak Plantation Condominium from Defendant OP Realty.

9.      Plaintiff Yunrong Jiang is an adult individual residing in Room 402, Unit 3, No. 4 International Garden, Haiyuan Zhong Road, Wuhua District, Kunming, Yunnan, China. Jiang purchased Unit 104 of Oak Plantation Condominium from Defendant OP Realty.

4

10.    Plaintiff Meihua Liu is an adult individual residing in Six One School, Longhua New District, Scenzhen City, China. Liu purchased Units 114 and 106 of Oak Plantation Condominium from Defendant OP Realty.

11.    Plaintiff Qiyuan Huang is an adult individual residing in Room 102, Unit 2, No. 32 Building, Kairui Xiyuan Zhangdian District, Zibo City, China. Huang purchased Unit 916 of Oak Plantation Condominium from Defendant OP Realty.

12.    Plaintiff Qi Wang is an adult individual residing in 601, Building 280, HupueShanZhuan, Middle Village, Chanjiang West Road, SnuShan District, HeFei, AnHui, China. Wang purchased Unit 411 of Oak Plantation Condominium from Defendant OP Realty.

13.    Plaintiff Ziqiang Zhao is an adult individual residing in Beijing Wonderful, Auto Service Company No. 3, Huayuan Road, Haidian District, Beijing, China. Zhao purchased Unit 308 of Oak Plantation Condominium from Defendant OP Realty.

14.    Plaintiff Hao Mao is an adult individual residing in Room-2001 Building G17, HaiTang Garden, South Bayi Street, Wucheng District, Jin Hua, 2HZ Jiang, China. Mao purchased Unit 1403 of Oak Planation Condo from Defendant OP Realty.

15.    Plaintiff Yongping Zhao is an adult individual residing in Room B302, MeiLuJinYuan, No.25, Shi Zhou Zhong Road, Nan Shan District, Shen Zien, Guang Dong, China. Zhao purchased Unit 513 of Oak Plantation Condominium from Defendant OP Realty.

16.    Plaintiff Yue Fu is an adult individual residing in 9B – 1103, Nord Holiday garden, Qian Hai Road, Nan Shan District, Shen Zhen, Guang Dong, China. Fu purchased Unit 306 of Oak Plantation Condominium from Defendant OP Realty.

17.    Plaintiff Xi Peng is an adult individual residing in No. 6, Unit 2, Building 4, No. 4 Baishan Road, Xi San Duan, First Ring Road, Cheng Du, Si Chuan, China. Peng purchased Unit 903 of Oak Plantation Condominium from Defendant OP Realty.

18.    Plaintiffs Wei Song and Guanqun Chi are two individuals residing in Room 302 Unit 159 FB Tower 5 Yu Jing, Shui An Garden, Fu Yong Bao' An District, Shenzhen, China. Song and Chi jointly purchased Unit 203 and 615 of Oak Plantation Condominium from Defendant OP Realty.

19.    Plaintiff Youjia Ma is an adult individual residing in R. 1403, 42 Kai Xuan Rd., Nan Hu Ban Dao Hua Yuan, Baiyun District Guangzhon, Guangdong, China. Ma purchased Unit 1511 of Oak Plantation Condominium from Defendant OP Realty.

20.    Plaintiff Jianjun Li is an adult individual residing in Room 502, Unit 2, Building 10, Area 2, Fu Juan Dong Li, Yi Zhuang Town Dz Xing District, China. Li purchased Unit 1104 of Oak Plantation Condominium from Defendant OP Realty.

21.    Plaintiff Yuan Wang is an adult individual residing in Room 1501, Unit 1, Building 3, YuYuan, He Xiang Yuan Xihu District, Hang Zhou, Zhe Jiang, China. Wang purchased Unit 904 of Oak Plantation Condominium from Defendant OP Realty.

22.    Plaintiff Ning Cai is an adult individual residing in Room 201 No. 6, 825, Lane Shang Hai, China. Cai purchased Unit 610 of Oak Plantation Condominium from Defendant OP Realty.

23.    Plaintiff Cong Xu is an adult individual residing in 28-3-401 Zigui Garden, No. 268 Wenerxi Road, Xihu District, Hang Zhou, Zhe Jiang, China. Xu purchased Unit 310 of Oak Plantation Condominium from Defendant OP Realty.

24.    Plaintiff Fang Zhao is an adult individual residing in 2-4-1601, Bei An Hua Ting, Shang Li Road, He Bei District, Tianjin, China. Zhao purchased Unit 703 of Oak Plantation Condominium from Defendant OP Realty.

25.    Plaintiff Wei Ning is an adult individual residing in T4-1-3304 Raycom Skyline, Jiefang South Road, Jiang An District, Wuhan, Hubei, China.

Ning purchased Unit 105 of Oak Plantation Condominium from Defendant OP Realty.

26.     Plaintiff Ling Li is an adult individual residing Room D2-502, No12, Jihui Street, Lingnan New World, Baiyun District, Guangzhou, China. Li purchased Unit 1309 of Oak Plantation Condominium from Defendant OP Realty.

27.     Plaintiff Li Zhang is an adult individual residing in 20-6, No. 116 Sheng Di Building, Jiabin Road, Yuzhong District, ChongQing, Si Chuan, China. Zhang purchased Unit 206 of Oak Plantation Condominium from Defendant OP Realty.

28.     Plaintiff Xia Zhang is an adult individual residing in 10-2101, Gediao Zhujing, Huqiu Road, Hedong District, TianJing, China. Zhang purchased Unit 1515 of Oak Plantation Condominium from Defendant OP Realty.

29.     Plaintiff Lin Liang is an adult individual residing in No.3, Tian Le Jing Fengye Road, GuangZhou, China. Liang purchased Unit 215 of Oak Plantation Condominium from Defendant OP Realty.

30.     Plaintiff Song Deng is an adult individual residing in Rm 702. C1, Huajiang Garden, No. 87, Huangpu Avenue, Tianhe District, Guangzhou, China. Deng purchased Unit 1514 of Oak Plantation Condominium from Defendant OP Realty.

OMC\4845-0218-5442-4/14/21

31.    Plaintiffs Jian Lin and Min Lin are adult individuals residing in Room 2601, Building, D2, Long Xi Shan E1 Street, Huijing XinCheng, Guang Yuan East, Tian He District, Guangzhou, GuangDong, China. The Lin's purchased Units 101 and 301 of Oak Plantation Condominium from Defendant OP Realty.

32.    Plaintiff Ying Zhang is an adult individual residing in 10-1-402, Fangqing Yuan, Baoshengli, Haidian District, Beijing, China. Zhang purchased Unit 905 of Oak Plantation Condominium from Defendant OP Realty.

33.    Plaintiff Jianqin Chen is an adult individual residing in Room 2503, Building 43, Yuyun Shaian, Foshan XinCheng Shunde District, Foshan, Guangdong Province, China. Chen purchased Unit 814 of Oak Plantation Condominium from Defendant OP Realty.

34.    Plaintiff Guoye Chen is an adult individual residing in No. 15, Xiatang Road, Lishui Town, Nanhai District, Foshan City, Guangdong Province, China. Chen purchased Unit 1408 of Oak Plantation Condominium from Defendant OP Realty.

35.    Plaintiff Huaiyang Fu is an adult individual residing in Room 1503, Building 3, Yifengdao, Xinhua Street, Xincheng District, Hohhot City, Inner Mongolia, China. Fu purchased Unit 816 of Oak Plantation Condominium from Defendant OP Realty.

36.    Plaintiff Hua Cao, is an adult individual residing in Room 403, Unit 5, Lane 1, Xiajia Road, Hongkong District Shanghai, China. Cao purchased Unit 406 from Defendant OP Realty.

37.    Plaintiff Jianhua Cui, is an adult individual residing in Room 1902, No 3, Lane1388, Xincun Road, Putuo District, Shanghai. Cui purchased Unit 315 from Defendant OP Realty.

38.    Plaintiff Rui Fang is an adult individual residing in Room 1101, 9-3, No 19 Shuangtang Road, Qinhuai District, Nanjing, China. Fang purchased Unit 803 from Defendant OP Realty.

39.    Plaintiffs Zhendong Guo and Yuru Ma are husband and wife, residing in No.2, Building 6, 117 Yuan, Huang He Road, Jin Shui District, Zhengzhou, Henan Province, China. They purchased Unit 803 from Defendant OP Realty.

40.    Plaintiff Lijuan Hao and Shouhui Dai are husband and wife, residing in B-27, No 1118, Yueda Building, Changshou Road, Putuo District, Shanghai, China. They purchased Unit 1110 from Defendant OP Realty.

41.    Plaintiff Sumin Hong is an adult individual residing in Rm501, No.2, Lane101, Rende Road, Yangpu District, Shanghai, China. Hong purchased Unit 1115 from Defendant OP Realty.

OMC\4845-0218-5442-4/14/21

42.    Plaintiff Nan Li is an adult individual residing in Room 1405, No38, Block East-1, Tian Tong Yuan, Changping District, Beijing. Li purchased Unit 812 from Defendant OP Realty.

43.    Plaintiff Jian Liu is an adult individual residing in Room 1402, No.29, Lane 91, Zhongtan Road, Shanghai, China. Liu purchased Unit 1310 and Unit 802 from Defendant OP Realty.

44.    Plaintiff Xin Liu is an adult individual residing in Room 207, Qiushi Building, No.59, Zhongguancun Street, Renmin University of China, Haidian District, Beijing, China. Liu purchased Unit 109 from Defendant OP Realty.

45.    Plaintiff Ying Liu is an adult individual residing in Room 2301, 4B, Yanyu Yan Yu Qing Yuan, Haidian District, Beijing, China. Li purchased Unit 1106 from Defendant OP Realty.

46.    Plaintiff Tiejun Shen is an adult individual residing in Room 2003, Unit 3 Building 2, Tian He Ren Jia, Nanshatan, Chaoyang District, Beijing, China. Shen purchased Unit 1112 from Defendant OP Realty.

47.    Plaintiff Yi Sun is an adult individual residing in No. 24, Room 704，No. 2, Lane 555, Hailun Road, Hongkou District, Shanghai, China. Sun purchased Unit 311 from Defendant OP Realty.

11

48.     Plaintiff Yuefen Tang is an adult individual residing in Room 1003 Building 4, Haijun zhuzhai Xiaoqu, Fengtai District, Beijing, China. Tang purchased Unit 405 from Defendant OP Realty.

49.     Plaintiff Bo Wang is an adult individual residing in Room 1003, Unit 2, Building 17, Area E of Zhengshang-Xinlanzuan，Guancheng District, Zhengzhou, China. Wang purchased Unit 110 from Defendant OP Realty.

50.     Plaintiff Chia-Feng Wu is an adult individual residing in Room 701, No. 39, Alley 100, Tianlin East Rd. Xuhui District, Shanghai, China. Wu purchased Unit 1213 from Defendant OP Realty.

51.     Plaintiff Jun Wu is an adult individual residing in Room 201, No,78, Lane 380, Dezhou Road, Pudong District, Shanghai, China. Wu purchased Unit 809 and Unit 1108 from Defendant OP Realty.

52.     Plaintiff Jie Yang is an adult individual residing in Room 602, Unit 1, Building 12 , Yuefujiangnan, Haidian District, Beijing, China. Yang purchased Unit 301 from Defendant OP Realty.

**b.    Defendants**

53.     Defendant OP Realty Partners, LLC (hereinafter "OP Realty") is a Florida limited liability company with its principal place of business at 4090 Enchanted Oaks Cir., Kissimmee, Florida.

54.    Defendant OP Condominium Management, LLC (hereinafter "OP Condominium Management") is a Florida limited liability company with its principal place of business in Kissimmee, Florida.

55.    Max P. Cawal ("Cawal") is an individual doing business and residing in Osceola County, Florida.

56.    Cawal is a real estate agent licensed in the state of Florida under Florida License Number SL519558.

57.    Cawal is a manager member of both OP Realty and OP Condominium Management and an agent and/or employee of OP Realty and OP Condominium Management who acted in the usual and ordinary course of his employment and agency with them for the transactions alleged in this complaint below.

## II.    JURISDICTION AND VENUE

58.    Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because Plaintiffs are citizens of China and Defendants OP Realty Partners, LLC., OP Condominium Management, LLC, and Max P. Cawal, are Florida citizens and residents, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Finally, this Court has jurisdiction over the individual state law claims through diversity of citizenship under 28 U.S.C. § 1332 and/or supplemental jurisdiction under 28 U.S.C. § 1367.  The parties are of diverse citizenship—plaintiffs are citizens of

13

China and the defendants are citizens of Florida—and the amount in controversy
exceeds $75,000.

59.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because
a substantial part of the events and omissions giving rise to Plaintiffs' and Class
Members' claims occurred in this District. Defendants conduct substantial
business in this District, have marketed, advertised, and sold condominium units
in this District, have developed their fraudulent scheme in this District, have
implemented their fraudulent scheme in this District and throughout their
business operations as alleged herein, have overseen and enforced their fraudulent
scheme in and from this District, have benefitted from this fraudulent scheme in
this District, and have caused harm to Plaintiffs and Class Members in this District.

60.     Any purported forum selection clauses in the purported contracts at
issue in this case are invalid and unenforceable.

## III.     FACTUAL BASIS OF PLAINTIFFS' CLAIMS

61.     Plaintiffs are the victims of Defendants' highly organized and
fraudulent pyramid scheme to sell condominium units at Oak Plantation Resort at
Kissimmee, Florida to unsophisticated Chinese individuals who do not
understand English and are unfamiliar with the real estate market in Florida.

62.     Upon information and belief, starting from 2016, Defendant OP
Realty Partners, LLC and OP Condominium Management, LLC conspired with

14

three Chinese realty companies – Beijing Qiaoye International Property Investment Consulting Co., Ltd (hereinafter "Qiaoye"), Huamei Yousheng (Beijing) International Investment Consulting Co., Ltd. (hereinafter "Huamei"), and Kingstyle International (hereinafter "Kingstyle"), enticing Plaintiffs to purchase the condominium units as rental property based on fraudulent misrepresentations that Defendants would lease back the units in a manner resulting in a guaranteed high rate of return for Plaintiffs.

63.    Upon information and belief, under the instructions OP Realty Partners, LLC, the Chinese realty companies host promotion events for Oak Plantation Condo and Oak Plantation Resort in China.

64.    The Chinese realty companies advertised Oak Plantation Condo and Oak Plantation Resort as lucrative investment properties.

65.    At the promotion events, the Chinese realty companies engaged in high-pressure sales tactics. They persuaded Plaintiffs to pay a deposit of $1,500 immediately to lock in "the good deal."

66.    The Chinese realty companies informed Plaintiffs that the average one bedroom unit price was as low as $95,900.

67.    They assured Plaintiffs that they got a great deal because Plaintiffs would further receive a $5,000 discount as part of a promotional sale, and that they would get guaranteed returns if using the units as investment property.

15

68.    OP Realty intentionally concealed the fact that it bought the units shortly before—in some cases, the same day it sold the units to Plaintiffs. It doubled the sales price when flipping the units to Plaintiffs without making any investment in or improvements the property.

69.    The promotional $5,000 "discount" was illusory, and an intentional misrepresentation for the purpose of inducing the Chinese purchasers.

70.    Plaintiffs were also told that once they purchased the property, OP Condo Management would sign a separate lease agreement with Plaintiffs. Plaintiffs would receive guaranteed annual rental returns for at least six percent (6%) of the sales price.

71.    Plaintiffs relied on these misrepresentations in agreeing to purchase the units at high prices that they would not otherwise have agreed to pay.

72.    Defendants ceased making lease payments in late 2017.

73.    After Defendants defaulted in payments, they continued marketing and selling condos to Chinese investors, though they clearly knew that they could not pay rents as they promised.

74.    Defendants' scheme violates applicable common law and the duty of good faith and fair dealing implicit in all contracts.

75.    Plaintiffs have suffered injuries, harm and damages due to Defendants' unlawful and wrongful conduct.

OMC\4845-0218-5442-4/14/21

76.    Plaintiffs were enticed to pay millions of dollars to purchase the condo units as a result of Defendants' fraudulent conduct.

77.    In this action, Plaintiffs seek to remedy the injuries, harm and damages for Plaintiffs who have purchased one or more condo units from Defendants since 2016.

78.    Defendant OP Realty, through Qiaoye, Huamei, and Kingstyle, three Chinese realty companies, fraudulently induced Plaintiffs and more than 143 other similarly situated Chinese investors to purchase approximately 155 units of the Oak Plantation Condominium located in Orlando, FL since 2016 (some Plaintiffs bought two or more units). The true and correct copies of the sales agreement are attached hereto as **Exhibit A**[1].

79.    As part of the sale, Defendant OP Realty promised Plaintiffs that if they purchased the units, Defendant OP Realty and Defendant OP Condominium Management, a related entity of OP Realty, would simultaneously enter into lease agreements under which Plaintiff would be paid guaranteed monthly rent payments. The true and correct copies of the lease agreement are attached hereto as **Exhibit B**[2].

---

[1] For ease of reference, Plaintiffs attached a true and correct copy of Mr. Wei Ning's purchase agreement as **Exhibit A**. Other than where noted, all of the provisions to which Plaintiffs refer herein are identical in all the purchase agreements.
[2]  For ease of reference, Plaintiffs attached a true and correct copy of Mr. Wei Ning's lease agreement as **Exhibit B**. Other than where noted, all of the provisions to which Plaintiffs refer herein are identical in all the lease agreements.

OMC\4845-0218-5442-4/14/21

80.     The lease agreement also has Special Stipulations between Defendant OP Realty and Plaintiffs wherein OP Realty would pay Plaintiffs a guaranteed six percent (6%) net rent payment of the original purchase prices per year.

81.     The Special Stipulations further provide that Defendant OP Realty will take over the responsibilities for all homeowners association fees ("HOA fees"), and applicable real estate taxes.

82.     However, Defendants never disclosed the actual HOA fees to Plaintiffs at the time of the transactions.

83.     As a licensed Florida real estate sales associate, Defendant Cawal at all material times had the duties required by Florida common law not to misrepresent or to omit material facts respecting the Plaintiffs' purchase and by the Florida Brokerage Relationship Disclosure Act, § 475.2701, Fla. Stat., et seq. (the "Disclosure Act"), in particular, § 475.278(2), (3) and (4), Fla. Stat., to deal "honestly and fairly" and to disclose to Plaintiffs "all known facts that materially affect the value of residential real property and are not readily observable to the buyer."

84.     As a licensed Florida real estate corporation, OP REALTY has the duties required by Florida common law not to misrepresent or to omit material facts and by the Disclosure Act, in particular, § 475.278(2), (3) and (4), Fla. Stat., to deal "honestly and fairly" and to disclose "all known facts that materially affect the value of residential real property and are not readily observable to the buyer."

18

OP REALTY violated Florida common law not to misrepresent or to omit material facts respecting the Plaintiffs' purchase and the Act as to the Plaintiffs by failing to deal "honestly and fairly" and to disclose to Plaintiffs "all known facts that materially affect the value of residential real property and are not readily observable to the buyer."

85.    Starting from August 2017, Defendants informed Plaintiffs that they were unable to make rent and tax payments.

86.    In 2018, Defendants continued to enter into purchase agreements and lease agreements with new Chinese investors. Defendants misrepresented to the investors that Defendants would pay guaranteed rent, tax, and condo association assessments despite having already failed to make payments for several months to the existing owners.

IV.    **CAUSES OF ACTION**

<u>COUNT I</u>
<u>RESCISSION (OP REALTY)</u>

82    Plaintiffs hereby incorporate by reference Paragraphs 1 through 78 of the Complaint as though the same were more fully set forth herein.

83    The Purchase Agreements were valid and legally enforceable contract sbetween Defendant and Plaintiffs.

84    Plaintiff hereby rescinds the Purchase Agreement.

19

85      Plaintiff hereby offers to restore the deed and title to the Property to

Defendant OP Realty.

86      Rescission is warranted due to fraud, or illegality in that:

    a. Defendant OP Realty, through its agents and representatives, misrepresented that Plaintiffs would make a guaranteed annum six percent of the purchase price from purchasing the condos;
    b. The Plaintiffs would be paid the Agreed-To Percentage for the Agreed-To Number of Months;
    c. The misrepresentations made by its agents, Qiaoye, Huamei, and Kingstyle;
    d. Defendant OP Realty concealed about the fair market value of the property;
    e. The real estate taxes and Oak Plantation Condominium Association monthly assessments on their condominium unit would be paid; and
      i. The sale was procured through an illegal scheme to defraud.

87      When Defendant OP Realty made the misrepresentations and

omissions, it intended such misrepresentations and omissions to induce Plaintiffs

to act on them.

88      Plaintiffs justifiably relied on OP Realty's misrepresentations when

they entered into and closed on the Purchase Agreement.

89      Plaintiff would not have entered into the Purchase Agreement or

closed on same if OP Realty had told the truth.

90      Plaintiffs have been damaged and continue to sustain damages as a

proximate result of the fraud, or illegality.

91      Plaintiffs informed OP Realty that the Purchase Agreement is

rescinded.

92    Plaintiffs are willing to return to the *status quo* by giving back the condominium units.

93    Plaintiffs have no adequate remedy at law, in part, because the maintenance costs associated with the property are ongoing, continuing, and unreasonable to impose upon Plaintiffs who did not voluntarily and knowingly accept responsibility for such obligations.

94.    Plaintiffs have been damaged and continue to sustain damages as a proximate result of the fraud perpetrated by Defendants, and such damages include, but are not limited to the following:

> a) Rent from the date of default until the date of judgment;
> b) Property taxes on the Property from the date of default until the date of judgment;
> c) Insurance of the Properties from the date of default until the date of judgment;
> d) Expenses related to the closings which the Plaintiffs incurred;
> e) Late fees, interest, and other consequential and incidental expenses related to any and all of the aforementioned damages;
> f) Prejudgment interest on amounts paid by the Plaintiffs for any and all of the aforementioned damages.

The damages mentioned in the preceding paragraphs were reasonably foreseeable by Defendants when they made the misrepresentations.

WHEREFORE, Plaintiffs demand judgment against OP Realty, for damages, special damages identified in paragraph 94, interest, costs, attorneys' fees, and such additional and further relief as this Court deems just and proper.

21

OMC\4845-0218-5442-4/14/21

## COUNT II
## FRAUD IN THE INDUCEMENT (AGAINST ALL DEFENDANTS)

95.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 91 of

the Complaint as though the same were more fully set forth herein.

96.    The Purchase Agreement was a valid and legally enforceable contract

between Defendants and Plaintiffs.

97.    Defendants made false statements and omissions to Plaintiffs

regarding material facts in that:

> i. Defendant OP Realty, through its agents and representatives, misrepresented    that Plaintiffs would make a guaranteed annum six percent of the purchase    price from purchasing the condos
> ii. The Plaintiffs would be paid the Agreed-To Percentage for the Agreed-To  Number of Months
> iii. The misrepresentations made by its  agents, Qiaoye, Huamei, and Kingstyle;
> iv. Defendant OP Realty concealed about the fair market value of the property;
> v. The real estate taxes and Oak Plantation Condominium Association monthly    assessments on their condominium unit would be paid
> vi. The sale was procured through an illegal scheme to defraud

98.    Defendants knew, or should have known, that they were and are

misrepresenting, omitting, and concealing material facts. The misrepresentations,

omissions, and concealment described herein were material in nature, and were

made to induce Plaintiffs to enter into the purchase agreement.

99.     Plaintiffs and Class Members reasonably and justifiably relied upon Defendants' misrepresentations, omissions, and concealment of material facts in deciding to purchase the condos and lease them back to Defendants.

100.    Plaintiffs would not have entered into the purchase agreement or lease agreement if Defendants had told the truth and provided a timely and full disclosure.

101.    Plaintiffs have been damaged and continue to sustain damages as a proximate result of the fraud perpetrated by Defendants, and such damages include, but are not limited to the following:

    a) Rent from the date of default until the date of judgment;
    b) Property taxes on the Property from the date of default until the date of judgment;
    c) Insurance of the Properties from the date of default until the date of judgment;
    d) Expenses related to the closings which the Plaintiffs incurred;
    e) Late fees, interest, and other consequential and incidental expenses related to any and all of the aforementioned damages; and
    f) Prejudgment interest on amounts paid by the Plaintiffs for any and all of the aforementioned damages.

102.    The damages mentioned in the preceding paragraphs were reasonably foreseeable by Defendants when they made the misrepresentations.

WHEREFORE, Plaintiffs demands judgment against Defendants, for damages, special damages identified in Paragraph 101, interest, costs, attorneys' fees, and such additional and further relief as this Court deems just and proper.

OMC\4845-0218-5442-4/14/21

## COUNT III
## BREACH OF CONTRACT
## (AGAINST ALL DEFENDANTS)

103.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 99 of
the Complaint as though the same were more fully set forth herein.

104.    Since 2016, Defendants OP Condominium Management and OP
Realty entered into written lease agreements with Plaintiffs and all other similar
situated Chinese investors for the property located at 4090 Enchanted Oak Circle,
Kissimmee, Florida 34741.

105.    Defendants have breached and continue to materially breach the lease
by failing to pay the rent, monthly condominium assessments, real estate taxes,
hazard insurance premiums and accrued interests to Plaintiffs and all other
similarly situated Chinese investors since August 2017.

106.    Additionally, Defendant breach the Lease Agreement by failing to
fully furnish the unit as agreed.

107.    In early 2018, Plaintiffs made demand for the payment of amounts
due upon Defendants.

108.    On April 27, 2018, OP Condominium Management, LLC, through its
counsel Brian M. Mark, sent a letter to Defendants, explaining that it will defer the
rent payment for only "three to four months" and will pay interest at the rate of
five percent (5%) per annum on deferred amounts. (See **Exhibit C**.)

24

109.    However, Defendants have failed and continue to fail to cure the specified defaults or pay any interest as promised.

110.    Plaintiffs were damaged and are now entitled to a judgment in the total amount of unpaid past-due rent, association assessments taxes and five percent (5%) interest owed to Plaintiff.

111.    Plaintiffs were also entitled to get their unit furnished.

112.    Alternatively, Plaintiffs are entitled to end their leases based on acceleration clause in the lease agreements which provides that upon the Defendants' default Plaintiffs may terminate the lease. (**Exhibit B**, at p.2)

113.    Pursuant to the lease agreement, Plaintiffs are also entitled to recover their reasonable attorneys' fees and costs associated with attempting to enforce the lease agreements. (**Exhibit B**, at p.2)

WHEREFORE, Plaintiffs demands judgment against Defendants, for damages, special damages identified in Paragraph 101, interest, costs, attorneys' fees, and such additional and further relief as this Court deems just and proper.

### COUNT IV
### UNJUST ENRICHMENT (IN THE ALTERNATIVE)
### (AGAINST ALL DEFENDANTS)

114.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 110 of the Complaint as though the same were more fully set forth herein.

115.    By leasing the condominium units as described above, Plaintiffs conferred a benefit on Defendants.

116.    Defendants had knowledge of the benefit and accepted the conferred benefit by subleasing the subject properties.

117.    Under the circumstances, it would be inequitable for Defendants to retain the benefit without paying any value thereof to Plaintiffs.

WHEREFORE, Plaintiffs demands judgment against Defendants, for damages, special damages identified in paragraph 101, interest, costs, attorneys' fees, and such additional and further relief as this Court deems just and proper.

## COUNT V
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT - FLORIDA STATUTES §§501.201 ET SEQ.FL. (AGAINST ALL DEFENDANTS)

118.    Plaintiff, individually and on behalf of all others similarly situated, adopts and incorporates by reference each of the allegations contained in Paragraphs 1 through 114 as though fully set forth herein.

119.    This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201 et seq. (the "Act"). The stated purpose of the Act is to "protect the consuming public . . . from those who engage

in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.202(2).

120.    Plaintiff are "consumers" and the transactions at issue in this Complaint constitute "trade or commerce" as defined by Florida Statutes §501.203(7) and (8) respectively. Oak Plantation Condo and Oak Plantation Resort are "property" within the meaning of the Act.

121.    Fla. Stat. §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

122.    Defendants violated the Act by engaging in the unfair and deceptive actions and/or omissions as described herein by engaging in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. Specifically, Defendants misrepresented and omitted material facts respecting the Plaintiffs' purchase and the Act as to the Plaintiffs by failing to deal "honestly and fairly" and to disclose to them or to their agents in China all known facts that materially affect the value of residential real property and are not readily observable to the buyer respecting the sale of condominium units at Oak Plantation. In particular, Defendants misrepresented to the Plaintiffs that

> a. The Plaintiffs would be paid the Agreed-To Percentage for the Agreed-To Number of Months;

27

b. The real estate taxes and Oak Plantation Condominium Association monthly assessments on their condominium unit would be paid; and

c. The Monthly Payment Amount would be paid and failed to disclose to the Plaintiffs or their agents that such would not likely occur.

123.    Defendants violated Florida Statutes, §501.201, et. seq., by knowingly and falsely representing that Oak Plantation Condo and Oak Plantation Resort are great investment properties, when Defendants knew they could not guarantee the rent payments. The fraudulent Lease Agreements were, in effect, a device to induce Plaintiffs to purchase the condos.

124.    Said acts and practices on the part of Defendants were and are illegal and unlawful pursuant to Florida Statute §501.204.

125.    As a direct and proximate result of Defendants' violations of Florida Statutes, §501.201, et. seq., Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demands judgment against Defendants, for damages, special damages identified in paragraph 101, interest, costs, attorneys' fees, and such additional and further relief as this Court deems just and proper.

OMC\4845-0218-5442-4/14/21

## COUNT VI
## BREACH OF FIDUCIARY DUTY OF GOOD FAITH AND FAIR DEALING COUNT (AGAINST DEFENDANT CAWAL)

126.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 121 of the Complaint as though the same were more fully set forth herein.

127.    Defendant Cawal violated Florida common law not to misrepresent or to omit material facts respecting the Plaintiffs' purchase by failing to deal honestly and fairly and to disclose to them all known facts that materially affect the value of residential real property and are not readily observable to the buyer respecting the sale of condominium units at Oak Plantation. In particular, Defendant Cawal misrepresented to the Plaintiffs that:

a.      The Plaintiffs would be paid the Agreed-To Percentage for the Agreed-To   Number of Months;
b.      The real estate taxes and Oak Plantation Condominium Association monthly      assessments on their condominium unit would be paid; and
c.      The Monthly Payment Amount would be paid and failed to disclose to the Plaintiffs or their agents that such would not likely occur.

128.    As a direct and proximate result of Defendants' violations of Florida Statutes, §501.201, et. seq., Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demands judgment against Defendant, for damages, special damages identified in paragraph 101, interest, costs, attorneys' fees, and such additional and further relief as this Court deems just and proper.

29

OMC\4845-0218-5442-4/14/21

V.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, respectfully request that this Court grant the following relief:

a.     That an injunction be issued declaring that Plaintiffs have a right to rescind their contracts and that Defendant must disgorge profits received from Plaintiffs.

b.     Judgment to be entered in favor of Plaintiffs against all Defendants on all causes of action and damages suffered;

c.     Plaintiffs be awarded the full, fair, and complete recovery for all causes of action and damages suffered;

d.     Plaintiffs be awarded unpaid rent, property taxes, monthly assessment fees for the entire duration of the lease term;

e.     Plaintiffs be awarded punitive damages;

f.     Plaintiffs be awarded attorney's fees, and costs;

g.     Plaintiffs be awarded all appropriate prejudgment and post-judgment interest, as authorized by law; and

h.     Such other relief that the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demand trial by jury of all issues so triable.

OMC\4845-0218-5442-4/14/21

Dated: April 20, 2021            /s/ Justin M. Luna_____
                                 Respectfully submitted,
                                 Bruce C. Fox, Esquire (Pa Bar 42576)
                                 Bruce.Fox@Obermayer.com
                                 Qiwei Chen, Esquire (Pa Bar 322789)
                                 Qiwei.Chen@obermayer.com
                                 Obermayer Rebmann Maxwell & Hippel LLP
                                 500 Grant Street, Ste. 5240
                                 Pittsburgh, PA 15219
                                 (412) 566-1500
                                 Justin M. Luna
                                 Florida Bar No. 0037131
                                 Latham, Luna, Eden & Beaudine, LLP
                                 111 N. Magnolia Avenue, Suite 1400
                                 Orlando, Florida 32801
                                 jluna@lathamluna.com
                                 (407) 481-5804

                                 *Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed through the ECF system and will be electronically served on all counsel of record who are registered participants.

Date: April 20, 2021

                                 */s/ Justin M. Luna_____*
                                 Justin M. Luna, Esq.

OMC\4845-0218-5442-4/14/21