**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MAOHUI LIU, et al.

        Plaintiffs,

        v.

OP REALTY PARTNERS, LLC
OP CONDOMINIUM
MANAGEMENT, LLC, and MAX P
CAWAL,

        Defendants.

Case No: 6:19-cv-2041-Orl-31LRH

Honorable Gregory A. Presnell
Honorable Leslie R. Hoffman

*Electronically Filed*

**MOTION FOR PARTIAL SUMMARY JUDGMENT AND ENTRY OF A
PARTIAL FINAL MONEY JUDGMENT AGAINST DEFENDANTS AND
MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs, by and through undersigned counsel and pursuant to Rules 54(b),

56(a), and 56(d) Federal Rules of Civil Procedure, hereby their Motion for Partial

Summary Judgment and in support, state as follows:

**SUMMARY OF RELIEF REQUESTED AND ARGUMENT**

1.    Partial summary judgment against Defendants appropriate as to liability

under Lease Agreement, pursuant to which Defendants OP Realty Partners, LLC and

OP Condominium Management, LLC agreed to pay rental amounts and property

taxes on behalf of Plaintiffs.

OMC\4850-5135-4325.v5-5/28/21

2.      Partial summary judgment against Defendants under Rule 54 is appropriate as to the entry of a partial money judgment against Defendants in the amount of $1,519,610.30, on Plaintiffs' breach of contract claim against Defendants OP Realty Partners, LLC and OP Condominium Management, LLC for the unpaid rental amounts.

3.      Partial summary judgment against Defendants under Rule 54 is appropriate as to the entry of a partial money judgment in the amount of $355,070.79, on Plaintiffs' breach of contract claim against Defendants OP Realty Partners, LLC and OP Condominium Management LLC for the unpaid property taxes.

4.      Partial summary judgment against Defendants under Rule 54 is appropriate as to the entry of a partial money judgment against Defendants in the amount of $214,796.82 for prejudgment interest.

5.      As set forth below in detail, there is no genuine issue of material fact as to liability and as to damages on Plaintiffs' breach of contract claim and Plaintiffs are entitled to judgment as a matter of law.

6.      In support of this Motion, Plaintiffs are concurrently filing herewith Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment and the Entry of a Partial Final Money Judgment against Defendants.

7.     Plaintiffs reserve their right to apply to the Court for additional money judgment(s) against Defendants for additional damages suffered in connection with any default by Defendants relating to the Lease.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT AND THE ENTRY
OF A PARTIAL FINAL MONEY JUDGMENT AGAINST DEFENDANTS**

I.     **STATEMENT OF RELIEF REQUESTED**

Plaintiffs seek partial summary judgment on Count III of their Complaint, for breach of lease.  The undisputed material facts set forth in the Defendants' Answer, deposition testimony of Defendant Max Cawal ("Cawal"), and correspondence from counsel for Defendants provide the factual support for the Motion. There are no genuine issues as to any material facts, and Plaintiffs are entitled to partial summary judgment.

II.    **MATERIAL UNDISPUTED FACTS**

  **A. The Lease Agreement**

8.     This case arises from Defendants' default of their obligations under Lease Agreements with Plaintiffs.

9.     Cawal registered Defendant OP Realty Partners LLC ("OP Realty") with the Secretary of State of Florida on June 3, 2003. *(See* Articles of Organization of Defendant OP Realty Partner LLC, attached hereto as **Exhibit A**). At all relevant times, Defendant Cawal was the managing member of OP Realty Partners.  *Id*; *(See*

3

also Excerpt of Cawal Deposition, 44:1-4, attached hereto as **Exhibit B, hereafter "Cawal Depo."**).

10. Since 2015, OP Realty acted as the developer of a residential condominium development called Oak Plantation Resort ("Resort"), located at 4090 Enchanted Oaks Cir, Kissimmee, FL 34741. (Cawal Depo, 49:3-12).

11. Cawal managed the Resort since 2004. (Cawal Depo., 75:18-23).

12. Cawal registered Defendant OP Condominium Management, LLC ("OP Condo Management") with the Secretary of State of Florida on February 8, 2007, via another entity, BAM Management, LLC. (*See* Articles of Organization of Defendant OP Condominium Management, attached hereto as **Exhibit C**). Cawal is the managing member of BAM Management, LLC, which is the managing member of OP Management.  (Exhibit C; Cawal Depo., 20: 19-22)

13. In 2014, Defendants commenced a focused effort to market and sell condominium units at the Resort to residents of China, including Plaintiffs. (Cawal Depo, 77:5-9).

14. Cawal flew to Mainland China on a number of occasions to conduct marketing seminars targeted to Chinese investors such as Plaintiffs. (Cawal Depo, 84:5-85:6).

15. Defendants promised to lease the condominium units back from Plaintiffs. (*See* Dkt. 16, Defendants' Answer to Complaint, ¶ 62).

OMC\4850-5135-4325.v5-5/28/21

16. Defendant OP Realty and OP Condo Management drafted the following "Special Stipulations," that were attached as an appendix to each Lease Agreement:

> "The following Special Stipulations, if conflicting with any other provision of the Agreement, shall control:
>
> 1.  Seller's obligation to enter into the Lease Agreement ***is subject to*** Purchaser's acquisition of the Property in accordance with the terms and conditions of the Agreement.
>
> 2.  Purchaser's obligation to purchase the Property is subject to the execution and delivery at closing of a Lease Agreement between Purchaser, as landlord and OP Condominium Mgt, LLC, as Tenant on terms and conditions as set forth in said lease. Seller will provide ***a 6% net rental proceeds*** for [72 or 48][1] months for Purchaser.
>
> The Seller will pay ***real estate taxes*** and Oak Plantation ***Condominium Association monthly assessmen****t…*"

(emphasis supplied)(a copy of the form Lease Agreement is attached hereto as **Exhibit D**; *See* Cawal Depo, 118:17-119:2; *See also,* Declaration of Maohui Liu, attached hereto as **Exhibit K**).

17. Defendants admit they are obligated by the Leases to make guaranteed monthly rent payments to Plaintiffs. (*See* Dkt. 16, Defendants' Answer to Complaint, ¶ 62, attached hereto as **Exhibit J**).

---

[1] Plaintiffs requested Defendants to provide two alternative lease terms. Some Plaintiffs elected to have 72-months leases, while the others entered into 48-month leases.

OMC\4850-5135-4325.v5-5/28/21

18. Plaintiffs purchased the condominium units from Defendants between 2015 to 2017. Concurrently, Defendants leased the units back from Plaintiffs. (**Exhibit J**, ¶ 105).

19. Defendants proceeded to operate the development as a resort and accordingly rented Plaintiffs' units to short-term sub-tenants. Cawal Depo, 138:21-139:6).

### B. Defendants Default on the Leases

20. Starting in 2017, Defendants defaulted on the Lease Agreements (*See* email notification of default from Plaintiff Wei Ning to Defendants, attached hereto as **Exhibit E**). Plaintiffs notified Defendants of their defaults, requesting they cure the defaults by paying outstanding rents. *Id.*

### C. Defendants' Admission on the Default

21. On April 27, 2018, Defendants, via letter from their counsel Brian Mark, officially announced that they were unable to make the rent and property tax payments required by the Lease Agreements. (*See* April 27, 2018 letter of Brian M. Mark, attached hereto as **Exhibit F**).

22. The letter represents that Defendants were facing a cash flow shortage due to an alleged "marketing" issue they encountered with a third party. Defendants claimed in their letter that this required them to "place a moratorium on net lease rentals [sic] payments" for the "next three to four months." (**Exhibit**

6

**F**).    There is no provision permitting such a moratorium under the Lease

Agreements.

23.    The letter further promises that Defendants will pay interest on the

deferred amounts. (**Exhibit F**).

24.    In addition, Defendants sought to require Plaintiffs to make property

tax payments themselves, despite this being Defendants' obligation under the

Lease Agreements. (**Exhibit F**).

25.    Not only did the aforementioned letter explicitly acknowledge the

default, Cawal admitted the Defendants breached the Lease Agreements by failing

to pay such rents and property taxes to or on behalf of Plaintiffs. (*See* **Exhibit B**,

Cawal Depo., 148:25-149:12). Cawal admitted that "[w]e have not met the

obligations." *Id.*

26.    The defaults were never cured. On March 22, 2021, David Cooper,

Defendants' representative, emailed Plaintiffs that the real estate taxes on condo

units remain unpaid, and urged Plaintiffs to make immediate arrangements to pay

Osceola County. (*See* **Exhibit G**). Cooper represents and admits that: "[t]he

amount paid will be added to any amounts owing to you from Oak." *Id.* He

explained that the default was due to the negative cash flow. *Id.* In the letter, he

also admitted that OP did not pay real estate taxes last year either. *Id.*

OMC\4850-5135-4325.v5-5/28/21

27.    Additionally, in another identical case against Defendants, a Resort condo owner who is not represented by undersigned counsel, entered into a Lease Agreement with Defendants. *Suhas Nirale v, OP Condominium Management, LLC*, Case No. 2018 CA 003376 (In the Circuit Court of the Ninth Judicial Circuit, Osceola County, 2018). That owner brought his own action against Defendants for failing to pay rent, property taxes and interest as they became due. The Circuit Court of the Ninth Judicial Circuit of Osceola County granted the Resort owner's Motion for Summary Judgment as a matter of law against Defendants. (*See* Plaintiff's Motion for Summary Judgment, and the Circuit Court's Order on Motion for Summary Judgment, Case No. 2018 CA 003376, attached hereto as **Exhibit H**)[2].

28.    Therefore, there remains no genuine issue as to any material fact to Defendants' uncured default. Since 2017, Defendants breached the unambiguous terms and obligations of the lease agreements. Nevertheless, Defendants have been generating rental incomes from Plaintiffs' properties without paying over said funds to Defendants.

**D.    Damages**

---

[2] The Court can take judicial notice of documents filed in other judicial proceedings for the purpose of recognizing the judicial act taken or the issues decided. *Mack v Metropolitan Life Ins. Co.*, 2008 U.S. Dist. LEXIS 61176, *2 (M.D. Fla. 2008) citing *Young v. City of Augusta, Ga.*, 59 F.3d 1160 n. 11 (11th Cir. 1995).

OMC\4850-5135-4325.v5-5/28/21

29.     As a result of Defendants' default, Plaintiffs suffered, and continue to

suffer, significant financial injury and losses, and are entitled to the following

recovery and relief:

Principal unpaid rents: **$1,519,610.30**

Unpaid real estate taxes: **$355,070.79**

Prejudgment interest [3]: **214,796.82**

(Plaintiffs' damage spreadsheet, attached hereto as **Exhibit I**).

Plaintiffs request the entry of partial final judgment against Defendants for

the losses and costs addressed above.

## III.     ARGUMENT

**A.     The Court should Grant Partial Summary Judgment against Defendants Because Such Relief is Appropriate Pursuant to Rules 54 and 56.**

### 1.  The Legal Standard

Summary judgment should be granted when the record before the district

court demonstrates that the standard for the entry of summary judgment, as set

forth in Rule 56(c), is satisfied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rule

56(c) provides:

> [Summary judgment] should be rendered if the pleadings, the discovery, and disclosure materials on file, and any affidavits show

---

[3] The Lease Agreement provides: "[a]ll proceeds which are not paid when due shall accrue interest at the highest lawful rate."(**Exhibit D**, ¶13).

9

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Rule 56(d), which directs the Court to issue partial summary judgment both as to liability and identifiable "items of damage," states:

**(d) Case Not Fully Adjudicated on the Motion.**

(1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

(2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

*See Mt. Hawley Inc. Co. v. Pallet Consultants, Corp.*, CASE NO. 06-61763, 2009 U.S. Dist. LEXIS 72910, *10 (S.D. Fla. Aug. 18, 2009) (partial summary judgment with respect to liability appropriate). *See, also, Niven v. National Action Financial Services, Inc.*, Case No. 8:07-cv-1326-T-27TBM, 2008 U.S. Dist. LEXIS 69037, *1 (M.D. Fla. Sept. 10, 2008) (The court may construe a motion for summary judgment as to liability pursuant to Rule 56(d)(2), Federal Rules of Civil Procedure).

Rule 54(b) specifically provides for the relief of a partial final judgment which Plaintiffs seek:

OMC\4850-5135-4325.v5-5/28/21

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.**

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment

### 2. Based upon the undisputed operative facts, Plaintiffs are entitled to Summary Judgment on Count III against Defendants OP Realty Partners, LLC and OP Condominium Management, LLC

Based on the above facts, there is no genuine issue as to any material fact that discharges Defendants' obligations to pay rental amounts and property taxes under the Lease Agreements. Defendants admit that the rent payments and property taxes were due to Plaintiffs under the Lease Agreements and that they are in default on these payments.

The likelihood of insolvency of the judgment debtors make certification under Rule 54(b) appropriate in this case. In *Braswell Shipyard, Inc. v. Beezer East, Inc.*, 2 F.3d 1331, 1335-37 (4th Cir. 1993), the Fourth Circuit explained that judgment under Rule 54(b) is appropriate where litigants would suffer undue hardship if judgment is not entered:

The chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit. **The Rule also allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not**

OMC\4850-5135-4325.v5-5/28/21

> **entered on the adjudicated claim prior to the resolution of the unadjudicated claims.**

*Id.* (emphasis added). Federal courts have repeatedly held that the likelihood that delay in entering judgment will result in erosion of the defendant's ability to satisfy a judgment is undue hardship justifying partial summary judgment under Rule 54(b). *See Curtis Wright Corp v. General Electric Co.,* 446 U.S. 1, 12 (1980) ("[I]f the [defendant's] financial position were such that a delay in the entry of judgment on [plaintiff's] ability to collect on the judgment, that would weigh in favor of certification."); *David v. Oldham*, 2008 U.S. Dist. LEXIS 108721, *14-15 (M.D. Fla. 2008) (The Court found there is "no just reason to delay entry" of a partial final default judgment on Plaintiff's claims against Defendants and would in this case "alleviate some danger of hardship or injustice associated with delay."); *Bowne of New York City v. AmBase Corp.*, 161 F.R.D 270, 273 (S.D.N.Y. 1995) ("In particular, the solvency of the judgment debtor is a relevant consideration") (entering partial final judgment on printer's nonpayment claims on two of a series of eight printing jobs that the printer performed for defendant.) *See also, Prudential Ins. Co. of America v. Curt Bullock Builders*, Inc. 626 F. Supp. 159 (N.D. Ill., 1985) (Rule 54(b) judgment entered on creditor's action on the promissory note where creditor had the right to collect and debtor's financial position was precarious).

OMC\4850-5135-4325.v5-5/28/21

The circumstances in this case warrant a Rule 54(b) entry of a partial summary judgment against Defendants for breach of the Lease Agreements. Defendants' solvency is of more than as serious concern. In March 2012, to avoid paying more than 10 million dollars owed to the debtors, Defendant Cawal caused Defendant OP Realty Partners to file for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida at docket 6:12-bk-03548. The fact that Defendants stopped paying rents and property taxes on Plaintiffs' properties shortly after selling Plaintiffs the properties and entering into the Lease Agreements, all while collecting substantial rents from the sublease of Plaintiffs' properties, is strongly suggestive of bad faith. The Court should hold Defendants to their word that they are in financial distress by entering judgment. The protection of assets is of paramount concern at this time. As such, there is no just reason to delay the entry of a partial final judgment against Defendants on Plaintiffs' breach of contract claims.

## IV.     CONCLUSION

For the reasons set forth above, the Plaintiffs respectfully requests this Court: (1) grant the Motion as to partial summary judgment against Defendants on liability for breach of the Lease Agreements; 2) grant the Motion as to partial summary judgment against Defendants on Plaintiffs' claim for the damages of the $1,519,610.30 unpaid rental payments, the reimbursement for the $355,070.79

OMC\4850-5135-4325.v5-5/28/21

property taxes payments, and $214,796.82 prejudgment interest; (3) and for such

further relief this Court deems just and proper.


Date: June 11, 2021           Respectfully submitted,

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**
*/s/Bruce C. Fox*
Bruce C. Fox, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 42576
bruce.fox@obermayer.com
Daniel P. Finegan, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 38448
daniel.finegan@obermayer.com
Qiwei Chen, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 322789
Qiwei.Chen@obermayer.com
525 William Penn Place, Ste. 1710
Pittsburgh, PA 15219
(412) 566-1500 (TEL)

**LATHAM, LUNA,
EDEN & BEAUDINE, LLP**
Justin M. Luna, Esquire
Florida Bar No. 0037131
jluna@lathamluna.com
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
jluna@lathamluna.com
(407) 481-5804 (TEL)

OMC\4850-5135-4325.v5-5/28/21

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June, 2021, a true and correct copy of

the forgoing was filed electronically with the Clerk of the Court using CM/ECF

system and that a true and correct copy of the foregoing has been furnished via

electronic mail to:

Brian M. Mark, Esquire
Florida Bar No. 134207
100 North John Young Parkway, Suite B
Kissimmee, Florida 34741
Telephone: (407) 932-3933
bmark@marklawfirm.com
eservice@marklawfirm.com

*/s/ Justin M. Luna*
Justin M. Luna

i

OMC\4850-5135-4325.v5-5/28/21