# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MAOHUI LIU, et al.

    Plaintiffs,

v.

OP REALTY PARTNERS, LLC
OP CONDOMINIUM
MANAGEMENT, LLC, and MAX P
CAWAL,

    Defendants.

Case No: 6:19-cv-2041-Orl-31LRH

Honorable Gregory A. Presnell
Honorable Leslie R. Hoffman

*Electronically Filed*

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
## TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs, by and through undersigned counsel and pursuant to this Court's Scheduling Order (Doc. No. 54), file their Reply to Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment, and in support, state as follows:

### RELEVANT BACKGROUND

1. This is a case where Defendants engaged in a fraudulent real estate scheme over the course of five years. Defendants made fraudulent promises of guaranteed rent payments to lure foreign investors into purchasing investment properties from them with grossly inflated prices. Defendants defrauded Plaintiffs and failed to make guaranteed rent payments along with other costs.

2. Over the years, Defendants pocketed millions of dollars in rent payments that belong to Plaintiffs, and continue making profits from Plaintiffs' properties.

3. On October 23, 2019, Plaintiffs filed their original Complaint (Doc. No. 1). On December 3, 2019, Defendants filed their Answer to the Complaint (Doc. No. 16).

4. On April 20, 2021, after uncovering additional victims of Defendants' real estate scheme, Plaintiffs filed their Amended Complaint to join these victims to this action (Doc. No. 52). Defendants failed to file an Answer to the Amended Complaint.

5. On June 6, 2021, Plaintiffs filed their Motion for Partial Summary Judgment (Doc. No. 53) on Count III of their Amended Complaint for breach of contract. The undisputed material facts set forth in the Motion for Partial Summary Judgment demonstrate that Plaintiffs suffered, and continue to suffer, significant financial injury and losses, due to Defendants' default of their obligations under certain Lease Agreements with the Plaintiffs. As a result, Plaintiffs are entitled to damages in the amount of **$1,519,610.30** for principal unpaid rents, **$355,070.79** for unpaid real estate taxes, and **$214,796.82** for prejudgment interest.[1]

---

[1] Attached to the Motion for Partial Summary Judgment as Exhibit I is a spreadsheet which lists what damages are owed to each Plaintiff/Unit Owner in detail.

6. On July 16, 2021, Defendants filed a two-page Response to the Motion for Partial Summary Judgment (the "Response")(Doc. No. 55). The Response is only four sentences long and listed below:

   a. "Each Defendant has different responsibilities and obligations to the Plaintiffs." (Response at ¶ 1).

   b. "Plaintiffs are seeking one judgment against both Defendants without allocating the obligations to the specific Defendant responsible for the obligation." (Response at ¶ 2).

   c. "Plaintiffs seeking of one judgment against both Defendants without allocation is inconsistent with the plain reading of the Lease and Exhibit 'A' – Special Stipulations." (Response at ¶ 3).

   d. "Plaintiffs' spreadsheet attached as Exhibit 'I' to the Motion does not allocate any offset against the rents owed for the monthly condominium assessments paid by Defendants on behalf of Plaintiffs." (Response at ¶ 4).

7. Defendants do not dispute any allegations or evidence presented in the Motion for Partial Summary Judgment. Instead, the Defendants (1) take issue with the allocation of the requested damages and (2) allege Defendants are entitled to a setoff for the first time.

## REPLY

8. Pursuant to the terms of the Lease Agreement and Special Stipulations underlying the breach of contract claim, OP Realty Partners, LLC is liable for the principal unpaid rents (**$1,519,610.30**), unpaid real estate taxes (**$355,070.79**), and related prejudgment interest (**$214,796.82**); and OP Condominium Management, LLC is liable for Plaintiffs' attorney's fees in the current legal proceedings.

9. Moreover, Defendants allege the Motion for Partial Summary Judgment does not "offset against the rents owed for the monthly condominium assessments paid by Defendants on behalf of Plaintiffs." (Response at ¶ 4). Defendants may not allege an offset at this stage in the litigation.

10. An offset must be pled as an affirmative defense to a cause of action or a counterclaim. *See* FED. R. CIV. P. 8(c) and 13. Regardless the form, offset must be set forth in the pleadings to provide a basis for relief. *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 42 (2d Cir. 2009). The defendant who chooses not to assert such claim is not permitted to assert offset at one's whim later in the litigation. *Id.* Accordingly, Defendants may not try to complicate the damages calculation with an offset claim at this stage in the litigation.

11. Additionally, even if Defendant timely asserted an offset claim, Plaintiffs dispute whether Defendants are entitled to an offset for paying monthly

condominium assessments. The Special Stipulations clearly state that OP Realty Partners, LLC (as seller of the condominiums) will pay the Oak Plantation Condominium Association monthly assessments.

## CONCLUSION

For the reasons set forth above, the Plaintiffs respectfully request this Court: (1) grant the Motion as to partial summary judgment against Defendants on liability for breach of the Lease Agreements; 2) grant the Motion as to partial summary judgment against OP Realty Partners, LLC on Plaintiffs' claim for the damages of the $1,519,610.30 unpaid rental payments, the reimbursement for the $355,070.79 property taxes payments, and $214,796.82 prejudgment interest; (3) award the Plaintiffs attorney's fees against OP Condominium Management, LLC pursuant to the Lease Agreement; and (4) for such further relief this Court deems just and proper.

Date: July 30, 2021                Respectfully submitted,

**OBERMAYER REBMANN**
**MAXWELL & HIPPEL LLP**
*/s/Bruce C. Fox*
Bruce C. Fox, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 42576
bruce.fox@obermayer.com
Daniel P. Finegan, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 38448
daniel.finegan@obermayer.com
Qiwei Chen, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 322789

Qiwei.Chen@obermayer.com
525 William Penn Place, Ste. 1710
Pittsburgh, PA 15219
(412) 566-1500 (TEL)

**LATHAM, LUNA,
EDEN & BEAUDINE, LLP**
Justin M. Luna, Esquire
Florida Bar No. 0037131
jluna@lathamluna.com
201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
jluna@lathamluna.com
(407) 481-5804 (TEL)

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th Day of July, 2021, a true and correct copy of the forgoing was filed electronically with the Clerk of the Court using CM/ECF system and that a true and correct copy of the foregoing has been furnished via electronic mail to:

Brian M. Mark, Esquire
Florida Bar No. 134207
100 North John Young Parkway, Suite B
Kissimmee, Florida 34741
Telephone: (407) 932-3933
bmark@marklawfirm.com
eservice@marklawfirm.com

*/s/ Justin M. Luna*
Justin M. Luna