**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MAOHUI LIU, LELAN XIONG, YAGUANG LIU, LILI CAI, CHUNRU SONG, YUNRONG JIANG, MEIHUNA LIU, QIYUAN HUANG, QI WANG, ZIQIANG ZHAO, HAO MAO, YONGPING ZHAO, YUE FU, XI PENG, WEI SONG, GUANQUN CHI, YOUJIA MA, JIANJUN LI, YUAN WANG, NING CAI, CONG XU, FANG ZHAO, WEI NING, LING LI, LI ZHANG, XIA ZHANG, LIN LIANG, SONG DENG, JIAN LIN, MIN LIN, YING ZHANG, JIANQIN CHEN, GUOYE CHEN, HUAIYANG FU, HUA CAO, JINHUA CUI, RUI FANG, ZHENDONG GUO, YURU MA, LIJUAN HAO, SHOUHUI DAI, SUMIN HONG, NAN LI, JIAN LIU, XIN LIU, YING LIU, TIEJUN SHEN, YI SUN, YUEFEN TANG, BO WANG, CHIA-FENG WU, JUN WU and JIE WANG,

     Plaintiffs,

v.              Case No: 6:19-cv-2041-GAP-LRH

OP REALTY PARTNERS, LLC, OP CONDOMINIUM MANAGEMENT, LLC and MAX P CAWAL,

     Defendants.

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment (Doc. 53). In ruling on this Motion, the Court considered Defendants' Response in Opposition (Doc. 55) and Plaintiffs' Reply (Doc. 56).

## I. Background

Plaintiffs are fifty individuals who reside in China and executed condo purchase and leasing agreements with OP Realty Partners, LLC, OP Condominium Management, LLC, and Max P. Cawal (hereinafter, "Defendants"). According to the terms of those purchase and leasing agreements, Defendants were obligated to pay Plaintiffs a percentage of the net rental proceeds of the properties. Defendants were also obligated to pay real estate taxes and an Oak Plantation Condominium Association monthly assessment on each of the properties.

In 2017, Defendants breached the agreements by defaulting on their obligation to pay rental proceeds and failing to pay property taxes. To date, Defendants have not cured their default or made any payments towards the outstanding property taxes. Plaintiffs filed this lawsuit asserting claims for breach of contract, breach of fiduciary duties, fraud, violations of the Florida Deceptive and Unfair Trade Practices Act, and equitable claims. Plaintiffs now seek partial

summary judgment on their breach of contract claim under Count III of the Amended Complaint.[1]

## II.     Legal Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458–59 (11th Cir. 1994).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden

---

[1] Plaintiffs originally filed a class action complaint on October 23, 2019 (Doc. 1). The Court denied Plaintiffs' motion to certify class (*see* Doc. 41) and Plaintiffs later filed an Amended Complaint adding additional plaintiffs to the lawsuit (Doc. 52).

of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. Id. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### III. Analysis

Plaintiffs contend that they are entitled to summary judgment as to both liability and damages on Count III of the Amended Complaint.

To prevail on their breach of contract claim, Plaintiffs must establish "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1301 (S.D. Fla. 2012) (quoting *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). Defendants do not dispute the validity of any of their contracts with any of the individual plaintiffs, they do not dispute that they breached those contracts, and they do not dispute that Plaintiffs suffered damages

as a result. Upon consideration of Plaintiffs' evidence in support of their claim and the fact that Defendants do not dispute any of the above facts, Plaintiffs are entitled to summary judgment as to liability on their breach of contract claim.

Plaintiffs also seek summary judgment as to damages. Plaintiffs claim that they are entitled to principal unpaid rents of $1,519,610.30, unpaid real estate taxes amounting to $355,070.79, and $214,796.82 in prejudgment interest. Doc. 53 ¶ 29. In support, Plaintiffs attach an excel sheet itemizing and calculating the damages owed to each individual plaintiff. *See* Doc. 53-9. Defendants do not dispute the accuracy of these figures or that they owe these damages to Plaintiffs. Defendants raise only two substantive arguments against the relief Plaintiffs seek.[2]

First, Defendants contend that Plaintiffs failed to allocate damages between the three defendants in this lawsuit. Plaintiffs clarify in their Reply that they are only seeking the principal unpaid rents, unpaid real estate taxes, and prejudgment interest from OP Realty Partners, LLC.[3] Plaintiffs state that OP Realty Partners is the only defendant obligated to pay these sums under the Lease Agreement.

---

[2] Defendants' Response is only two pages long, contains no discussion of the facts in this case, and does not cite to any legal authority. *See* Doc. 55.

[3] Plaintiffs also state that defendant OP Condominium Management, LLC, is liable for attorneys' fees. Plaintiffs do not seek attorneys' fees in their Motion for Summary Judgment, so the Court will not address this issue here.

Defendants offer no further basis for their objection here or present any argument that contradicts Plaintiffs' resolution of Defendants' allocation concerns.

Defendants next argue that "the Motion does not allocate any offset against the rents owed for the monthly condominium assessments paid by Defendants on behalf of Plaintiffs." Doc. 55 ¶ 4. The Court notes two problems with this argument. First, Defendants declined to raise *any* affirmative defenses in their answer and did not put Plaintiffs on notice of the fact that they would seek to claim a set-off here.[4] Second, Defendants have not presented a single piece of evidence suggesting that they are entitled to set-off the damages here. Plaintiffs do not have the burden to prove an affirmative defense to their own claim.

---

[4] The Court notes that Defendants declined to respond to Plaintiffs' Amended Complaint. However, Plaintiffs have not requested a default in this case, and, in their Motion for Summary Judgment and Reply, they treat Defendants' answer to the original complaint (Doc. 16) as operative here. The Court therefore refers to that answer.

**IV.** **Conclusion**

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Doc. 53) is **GRANTED**. Plaintiffs are entitled to summary judgment on Count III of the Amended Complaint.[5]

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 10, 2021.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[5] The Court does not address Plaintiffs' other claims here but notes that the remaining equitable claims are inconsistent with the relief granted in this order. *See Deemer v. Hallett Pontiac, Inc.*, 288 So. 2d 526, 527–28 (Fla. 3d DCA 1974). Because Plaintiffs' other claims are still pending, the Court will not enter judgment at this time.