IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAOHUI LIU, et al.

    Plaintiffs,

v.

OP REALTY PARTNERS, LLC
OP CONDOMINIUM
MANAGEMENT, LLC, and MAX P
CAWAL,

    Defendants.

Case No: 6:19-cv-2041-Orl-31LRH

Honorable Gregory A. Presnell
Honorable Leslie R. Hoffman

*Electronically Filed*

### PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT ON COUNT III OF AMENDED COMPLAINT

Plaintiffs, by and through their undersigned counsel, and pursuant to Rules 54 and 58, *Federal Rules of Civil Procedure*, and Local Rule 3.01(a), move the Court for the entry of Final Judgment on Count III of the Amended Complaint (Doc. No. 52).  As grounds in support, Plaintiffs state:

### Factual Background

1. On April 20, 2021, Plaintiffs filed their Amended Complaint.  (Doc. No. 52).

2. On June 6, 2021, Plaintiffs filed their Motion for Partial Summary Judgment (Doc. No. 53) on Count III (breach of contract) of their Amended Complaint.

3. On July 16, 2021, Defendants filed a Response (Doc. No. 55) to Plaintiffs' Motion for Partial Summary Judgment.

4. On July 30, 2021, Plaintiffs filed a Reply (Doc. No. 56) to Defendants' Response.

5. On August 10, 2021, the Court entered an Order granting Plaintiffs' Motion for Partial Summary Judgment (the "Summary Judgment Order") (Doc. No. 57). Specifically, the Court held that Plaintiffs are entitled to damages against Defendant, OP Realty Partners, LLC ("OP Realty") in the amount of $2,089,477.91, which consists of: (a) $1,519,610.30 for principal unpaid rents; (b) $355,070.79 for unpaid real estate taxes; and (c) $214,796.82 for prejudgment interest. (Doc. No. 57 at 5-7). The Court also noted that it would not enter judgment at that time because Plaintiffs had pending equitable claims. (Doc. No. 57 at 7 n.5).

6. On September 7, 2021, OP Realty filed a Motion for Reconsideration or Clarification directed to the Summary Judgment Order (the "Reconsideration Motion"). (Doc. No. 58).

7. On October 4, 2021, the Court entered an Order denying the Reconsideration Motion. (Doc. No. 65).

8. On November 16, 2021, the parties filed a Joint Stipulation of Dismissal of Counts I and IV (in their entirety) and Counts II and V (only as to OP Realty) With Prejudice (the "Joint Stipulation"). (Doc. No. 74).

## Memorandum of Law

Pursuant to Rule 58(a), *Federal Rules of Civil Procedure*, every judgment must be set out in a separate document. *Fed. R. Civ. P.* 58(a). Rule 58(d), Federal Rules of Civil Procedure, allows a party to request that a judgment be set out in a separate document, as required by Rule 58(a), *Federal Rules of Civil Procedure. Fed. R. Civ. P.* 58(d). Moreover, Rule 54(b), *Federal Rules of Civil Procedure*, allows a court to direct entry as to one or more (but fewer than all) claims. *Fed. R. Civ. P.* 54(b).

The Court has already entered the Summary Judgment Order, which finds that Plaintiffs are entitled to a judgment against OP Realty in the sum of $2,089,477.91. (Doc. No. 57). Additionally, the parties just filed the Joint Stipulation. (Doc. No. 74). The Joint Stipulation serves two (2) primary purposes: (1) it alleviates the Court's stated concern about the Amended Complaint's equitable claims (since it dismisses Counts I (rescission) and III (unjust enrichment)); and (b) it dismisses all other claims against OP Realty. Thus, it is now appropriate for the Court to entry a final judgment against OP Realty. Upon information and belief, OP Realty is in the process of liquidating its primary assets, real estate, to avoid judgment collection by the Plaintiffs against OP Realty. Justice is best served by entry of this Judgment against OP Realty as it resolves all matters between Plaintiffs and OP Realty and allows Plaintiffs to move forward with judgment enforcement. Accordingly,

the Court should direct the entry of a final judgment in Plaintiffs' favor and against OP Realty in the sum of $2,089,477.91.

WHEREFORE, Plaintiffs respectfully request entry of an Order (a) granting the instant Motion; (b) directing the entry of a final judgment in Plaintiffs' favor and against OP Realty in the sum of $2,089,477.91; and (c) granting such other and further relief as this Court deems just and proper.

## Local Rule 3.01(g) Certification

I hereby certify that, prior to the filing of this Motion, Plaintiffs' counsel conferred in good faith with Defendants' counsel, Brian Mark, regarding this Motion. OP Realty does not agree with the relief requested herein. The conferral occurred on November 17, 2021.

Date: November 18, 2021

    Respectfully submitted,

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
*/s/Bruce C. Fox*
Bruce C. Fox, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 42576
bruce.fox@obermayer.com
Daniel P. Finegan, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 38448
daniel.finegan@obermayer.com
Qiwei Chen, Esquire (*Admitted Pro Hac Vice*)
Pa Bar 322789
Qiwei.Chen@obermayer.com
525 William Penn Place, Ste. 1710
Pittsburgh, PA 15219
(412) 566-1500 (TEL)

**LATHAM, LUNA,
EDEN & BEAUDINE, LLP**
Justin M. Luna, Esquire
Florida Bar No. 0037131
jluna@lathamluna.com
201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
jluna@lathamluna.com
(407) 481-5804 (TEL)

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 18th day of November, 2021, a true and correct copy of the forgoing was filed electronically with the Clerk of the Court using CM/ECF system and that a true and correct copy of the foregoing has been furnished via electronic mail to:

Brian M. Mark, Esquire
Florida Bar No. 134207
100 North John Young Parkway, Suite B
Kissimmee, Florida 34741
Telephone: (407) 932-3933
bmark@marklawfirm.com
eservice@marklawfirm.com

              */s/ Justin M. Luna*
              Justin M. Luna

**Error! Unknown document property name.**