## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

MAOHUI LIU, LELAN XIONG,
YAGUANG LIU, LILI CAI, CHUNRU
SONG, YUNRONG JIANG,
MEIHUNA LIU, QIYUAN HUANG,
QI WANG, ZIQIANG ZHAO, HAO
MAO, YONGPING ZHAO, YUE FU,
XI PENG, WEI SONG, GUANQUN
CHI, YOUJIA MA, JIANJUN LI,
YUAN WANG, NING CAI, CONG
XU, FANG ZHAO, WEI NING, LING
LI, LI ZHANG, XIA ZHANG, LIN
LIANG, SONG DENG, JIAN LIN,
MIN LIN, YING ZHANG, JIANQIN
CHEN, GUOYE CHEN, HUAIYANG
FU, HUA CAO, JINHUA CUI, RUI
FANG, ZHENDONG GUO, YURU
MA, LIJUAN HAO, SHOUHUI DAI,
SUMIN HONG, NAN LI, JIAN LIU,
XIN LIU, YING LIU, TIEJUN SHEN,
YI SUN, YUEFEN TANG, BO WANG,
CHIA-FENG WU, JUN WU and JIE
WANG,

           Plaintiffs,

v.                                Case No:   6:19-cv-2041-GAP-LHP

OP REALTY PARTNERS, LLC, OP
CONDOMINIUM MANAGEMENT,
LLC and MAX P CAWAL,

           Defendants.

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO REDUCE JUDGMENT   (Doc. No. 88)** |
| **FILED:** | **September 27, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

As relevant to the above-styled motion, on August 10, 2021, the Court granted Plaintiffs' motion for partial summary judgment as to Count III of the Amended Complaint as it related to Defendant OP Realty Partners, LLC.   Doc. No. 57.   The case thereafter proceeded against the remaining Defendants as to Count II and V of the Amended Complaint.   Doc. No. 75.

On November 18, 2021, the Court entered an Order granting Plaintiffs' motion for entry of final judgment as to Count III of the Amended Complaint, and entered final judgment in favor of Plaintiffs and against Defendant OP Realty Partners, LLC in the amount of $2,089,477.91.   Doc. No. 77.   Judgment was entered accordingly the following day.   Doc. No. 78.

On February 15, 2022, the parties notified the Court that they had reached a settlement in principle as to all remaining claims, Doc. No. 82, and thereafter that

all claims had been resolved except those related to six individual Plaintiffs, Doc. No. 85.

On August 25, 2022, Defendants filed a "Partial Satisfaction of Judgment" as to Plaintiff Yunrong Jiang.   Doc. No. 87.   Then, on September 27, 2022, the parties jointly filed the above-styled "Joint Motion to Reduce Judgment," Doc. No. 88, along with a "Notice of Resolution and Joint Stipulation of Dismissal Without Prejudice as to All Remaining Plaintiffs Claims Against Defendants," Doc. No. 89. In the "Joint Motion to Reduce Judgment," the parties state, *in toto*, as follows:

> 1. There are six (6) Plaintiffs, as listed on the attached Exhibit "A" who have not yet settled their claims and, therefore, have not received money awarded to them in the Judgment entered by the Court on November 19, 2021.   The remainder of the parties have settled their claims with the Defendants and as part of the settlement have been satisfied in full as to their respective portions of the Judgment.
>
> 2. The original Judgment was entered in the amount of $2,089,477.91. The balance of the Amended Judgment is $204,843.84, plus interest.
>
> WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order Amending the Final Judgment and reducing the total amount from $2,089,477.91 to $204,843.84, plus interest.

Doc. No. 88, at 1–2.

Upon review, the "Joint Motion to Reduce Judgment" will be denied without prejudice because the motion fails to include a memorandum of legal authority as required by Local Rule 3.01(a).   Relatedly, the motion fails to demonstrate that reduction of the amount of the final judgment is appropriate.   To the extent that

the parties are asking the Court to reduce the judgment to reflect only the outstanding claims of the six referenced Plaintiffs, dismiss these Plaintiffs' claims after amending the judgment, and remove the claims from the existing judgment that were settled post-judgment, any renewed motion shall demonstrate, with citation to legal authority, that such a procedure is appropriate.  If the Court's attempt to interpret the parties' motion is incorrect, any renewed motion must set forth, in detail, the precise relief the parties request, with citation to applicable legal authority.

     **DONE** and **ORDERED** in Orlando, Florida on October 7, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties